**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BRITTANY NICOLE DUFFY, | Case No. 24-cv-07540-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS** |
| FCA US, LLC, | |
| Defendant. | [Re: ECF Nos. 21, 22] |

Before the Court are Plaintiff Brittany Nicole Duffy's ("Plaintiff" or "Duffy") Motion to Remand, ECF No. 21 ("Mot."), and Defendant FCA US, LCC's ("Defendant" or "FCA") Motion for Judgment on the Pleadings, ECF No. 22. Defendant filed an Opposition to Plaintiff's Motion to Remand, ECF No. 24 ("Opp."), and Plaintiff filed a Reply Brief in support of her motion, ECF No. 26 ("Reply"). Plaintiff filed an Opposition to Defendant's Motion for Judgment on the Pleadings, ECF No. 27, and Defendant filed a Reply Brief in support of its motion, ECF No. 29. The Court previously determined that these motions were suitable for resolution without oral argument and vacated the hearing date. ECF No. 33; *see* Civ. L.R. 7-1(b). For the reasons that follow, the Court GRANTS Duffy's Motion to Remand and DENIES AS MOOT FCA's Motion for Judgment on the Pleadings.

## I. BACKGROUND

This dispute arises out of Duffy's purchase of a 2021 Jeep Cherokee (the "Jeep"). Complaint ("Compl.") ¶ 6, ECF No. 1-1. Upon purchase, Duffy entered a warranty contract with FCA. *Id.* Duffy alleges that the Jeep is "worthless and/or *de minimis*," *id.* ¶ 13, due to various "[d]efects and nonconformities to warranty," including transmission, engine, and electrical defects, *id.* ¶ 11.

1    Duffy initiated this action by filing a complaint in the County of Santa Clara on
2    September 24, 2024.  The Complaint asserts causes of action for violations of California's Song-
3    Beverly Consumer Warranty Act ("Song-Beverly Act"),  breach of the implied warranty of
4    merchantability pursuant to sections 1791.1, 1794, and 1795.5 of the California Civil Code, and
5    fraudulent inducement.  *Id.* ¶¶ 38–65.  Duffy seeks damages, restitution, diminution in value, a
6    civil penalty in the amount of two times actual damages, prejudgment interest, attorneys' fees and
7    costs, and other relief that the Court deems proper.  *Id.* at Prayer for Relief.  On October 30, 2024,
8    FCA removed to this Court on the basis of diversity jurisdiction.  Notice of Removal, ECF No. 1.

9    **II.    MOTION TO REMAND**

10    **A.    Legal Standard**

11    "Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of*
12    *Am.*, 511 U.S. 375, 377 (1994).  They may adjudicate only those cases that the Constitution and
13    Congress authorize them to adjudicate, such as those involving diversity of citizenship or a federal
14    question, or those to which the United States is a party.  *See Arbaugh v. Y & H Corp.*, 546 U.S.
15    500, 513 (2006).

16    The removal statute "is strictly construed against removal jurisdiction, and the burden of
17    establishing federal jurisdiction falls to the party invoking the statute."  *Limon-Gonzalez v. Kia*
18    *Motors Am., Inc.*, No. 20-cv-4381-PA, 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020) (quoting
19    *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).  "Federal
20    jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."
21    *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  When removal is based on diversity, the
22    defendant must prove by a preponderance of the evidence that the amount in controversy exceeds
23    $75,000.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).  The Court may
24    look to the complaint, notice of removal, "as well as summary-judgment-type evidence relevant to
25    the amount in controversy."  *Id.*  The Court uses "judicial experience and common sense" to
26    evaluate whether the removing party has shown that it is more likely than not that the amount in
27    controversy exceeds $75,000.  *Oh v. Navient Sols., LLC*, No. 25-cv-6415-PA, 2025 WL 2495536,
28    at *2 (C.D. Cal. Aug. 29, 2025) (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062

United States District Court
Northern District of California

(11th Cir. 2010)).

Duffy argues that remanding this case would "further[] the 'strongly pro-consumer' protection statutes passed by the California State legislature." Mot. at 2. FCA argues that this contention "distorts the relevant legal standard for remand by improperly elevating a policy argument over controlling jurisdictional law." Opp. at 2. The Court does not read Duffy's argument as a statement of the legal standard. However, the Court agrees with FCA that whether remanding this case would have a pro-consumer result is not a factor in the jurisdictional analysis. As a consequence, the Court will not consider that policy issue.

### B. Discussion

Because Duffy does not dispute that complete diversity between the Parties exists, the Court considers that requirement satisfied. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). However, Duffy argues that the Court lacks subject matter jurisdiction on the ground that FCA has not sufficiently shown that the amount in controversy exceeds $75,000 because its damages estimate is speculative and unsupported by evidence. Mot. at 4–9. FCA argues that its Notice of Removal sufficiently demonstrates that the sum of Plaintiffs' actual damages, statutory penalties, attorney fees, and punitive damages exceeds $75,000. Opp. at 5–11.

### 1. Ambiguity in the Complaint

As a threshold matter, the disagreement over the amount in controversy arises in part from the ambiguity in the Complaint regarding damages. Duffy alleges damages "in an amount that is not less than $35,001.00." Compl. ¶ 33. Duffy argues the word "damages" refers to "total damages," which include, *inter alia*, actual damages, civil penalties, and attorneys' fees. Mot. at 5. But the Complaint is silent on this point. FCA argues that the $35,001.00 value is a floor, not a cap. Opp. at 6–7. The Court finds that the Complaint is ambiguous. The Court must resolve "any doubt about the right of removal . . . in favor of remand." *Moore-Thomas v. Alaska Airlines*, 553 F.3d 1241, 1244 (9th Cir. 2009). Accordingly, the Court finds that this ambiguous allegation is insufficient by itself to show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See id.*; *see also Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913 (N.D. Cal. 2020).

### 2.    Actual Damages

Under the Song-Beverly Act, actual damages are "equal to the actual price paid or payable by the buyer," less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C); *see also Perkins v. Mercedes-Benz USA, LLC*, No. 22-cv-03540-CRB, 2022 WL 9529451, at *4 (N.D. Cal. Oct. 14, 2022).  In its notice of removal, FCA assumes the Manufacturer's Suggested Retail Price ("MSRP") is a "reasonable estimate of actual damages."  *See* Notice of Removal ¶ 28.  Duffy argues that FCA's evidence is speculative and insufficient to support the claim that actual damages are $39,280.  Mot. at 5–6.  FCA argues its amount-in-controversy calculation is sufficiently "factually supported by judicially noticeable facts and reasonable estimates."  Opp. at 5.

FCA's Notice of Removal is conspicuously devoid of any allegation or evidence as to the Jeep's actual purchase price.  Instead, FCA attached a declaration that includes the Manufacturer's Suggested Retail Price ("MSRP") for the 2021 Jeep Cherokee Limited 4X4 ($35,550 not including options, $39,280 with options plus destination charge).  *See* Declaration of James A. Sheridan in Support of Defendant FCA US, LLC's Notice of Removal of Entire Case ("Sheridan Decl.") ¶ 7, ECF No. 1-3.  The declaration assumes the MSRP is a "reasonable estimate" of actual damages. *Id.* ¶ 8.

Duffy refers the Court to *Steeg v. Ford Motor Company*, No. 19-cv-05833-LHK, 2020 WL 2121508 (N.D. Cal. May 5, 2020).  Mot. at 6.  In that similar case brought against a car manufacturer, the plaintiff sought to remand the case.  *Steeg*, 2020 WL 2121508, at *1.  In support of removal, the manufacturer offered a "piece of 'evidence' to estimate the actual damages: the suggested retail price for the Vehicle."  *Id.* at *4.  The court noted that "in nearly identical cases," other courts had concluded that "merely providing the retail price of the vehicle at issue . . . leaves 'considerable doubt as to the amount in controversy.'"  *Id.* (quoting *Chajon v. Ford Motor Co.*, No. 18-cv-10533-RGK, 2019 WL 994019, at *1 (C.D. Cal. Jan. 8, 2019)).  Resolving the ambiguity in favor of remand, the court found that the suggested price of the vehicle did not establish actual damages by a preponderance of the evidence.

Like the defendant in *Steeg*, FCA has not submitted evidence of the actual contract price of

the vehicle.  The Court finds *Steeg* persuasive and concludes that the MSRP does not offer reliable evidence as to actual damages.  *See also Newsome v. FCA USA LLC*, No. 20-cv-01189-JLT-BAK, 2022 WL 408631, at *4 (E.D. Cal. Feb. 10, 2022) (finding that because there was no evidence of "the original purchase price of the vehicle to give at least some guidance or context," the defendant had "not met its burden to show [that] actual damages" equaled the amount alleged in the complaint or otherwise exceeded $75,000).  The Court concludes that FCA has not shown any amount of actual damages by a preponderance of the evidence.[1]

### 3.    Civil Penalties

Duffy also seeks civil penalties.  Compl. at Prayer for Relief ¶ e.  FCA argues that potential civil recovery in this case would include "up to $78,560"—two times the MSRP.  Mot. at 5; Notice of Removal ¶ 28.  Duffy argues that FCA has submitted no evidence that she will receive the maximum amount of civil penalties under the Song-Beverly Act, let alone any penalties at all.  Mot. at 7–9.

The Song-Beverly Act permits civil penalties of up to twice the amount of actual damages. *Brady v. Mercedes-Benz USA*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  "If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."  *Chavez v. FCA US LLC*, No. 19-cv-06003-ODW, 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020).  Because FCA did not establish the amount of actual damages by a preponderance of the evidence, the amount of civil penalties is also uncertain.  FCA has accordingly failed to satisfy the burden of proof required to include civil penalties in the jurisdictional amount.  *See Newsome*, 2022 WL 408631, at *5.

### 4.    Attorneys' Fees

FCA also relies on Duffy's claim for "reasonable attorneys' fees" to satisfy the amount in controversy.  *See* Compl. at Prayer for Relief ¶ h.  FCA argues its attorneys' fees estimate "is based on reasonable projections consistent with similar cases."  Opp. at 8.  Duffy argues that FCA

---

[1] Because FCA has not made a showing of actual damages, the Court need not consider any arguments made by the Parties regarding the mileage offset.

United States District Court
Northern District of California

1  has not carried its evidentiary burden to demonstrate likely attorneys' fees.  Reply at 4–5.

2      Future attorneys' fees awards may be included in determining the amount in controversy.

3  *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th  Cir. 2018).  The defendant "retains

4  the burden" of demonstrating the amount of future attorneys' fees by a preponderance of the

5  evidence.  *Id.* at 788.  Future fees may be excluded where they are too speculative.  *See id.* at 795.

6      The Notice of Removal asserts that "[c]laims for attorney fees in these types of cases

7  regularly approach or exceed $50,000."  Notice of Removal ¶ 26.  In its Opposition, FCA states

8  that its estimate of attorneys' fees is $25,000.  Opp. at 8.  FCA does not explain the discrepancy of

9  $25,000 between the two estimates.

10      As evidence to support its estimate of $50,000, FCA points to Mr. Sheridan's declaration,

11  which states, "[i]n my experience with such cases against FCA, it is common for plaintiffs'

12  counsel to file motions seeking attorney fees and costs in excess of $50,000. . . ."  Sheridan Decl.

13  ¶ 9.  The Court finds that this statement is not sufficient evidence of likely future attorneys' fees in

14  this case.  Indeed, it does not identify why counsel in *this* case is likely to file a motion seeking

15  attorneys' fees of more than $50,000.  *See Schneider*, 441 F. Supp. 3d at 914 (finding that a

16  declaration stating that "it is not uncommon, and in fact quite regular, for attorneys' fees and cost

17  awards . . . to exceed $50,000" amounted to "nothing more than mere conjecture").

18      As further evidence of the likely amount of attorneys' fees, Mr. Sheridan attaches to his

19  declaration a motion from a plaintiff's attorney in a lawsuit against "another automobile

20  manufacturer" seeking $58,471.07 worth of attorney's fees and costs.  Sheridan Decl. ¶ 9, Ex. 1.

21  In *Schneider v. Ford Motor Company*, defendants likewise pointed to fees recently claimed by

22  plaintiff's counsel in another lemon law case.  441 F. Supp. 3d at 914.  The *Schneider* court noted

23  that defendants failed to "compare or contrast the litigation strategies or the litigation timelines of

24  the two cases."  *Id.*  Because the defendants did not provide "specific evidence" with respect to the

25  likely amount of attorneys' fees, the court found that the fees from other cases could not be used to

26  satisfy the amount-in-controversy requirement.  *Id.*  Here, as Duffy points out, FCA does not

27  explain how the facts and circumstances of the attached case are comparable to those in this case.

28  Reply at 5.  Accordingly, the Court finds that the attached motion is insufficient to establish

attorneys' fees by a preponderance of the evidence.

In sum, the Court concludes that because FCA has not provided "specific evidence showing that the attorneys' fees *in this case* are 'more likely than not' to exceed [$25,000], attorneys' fees cannot be used to satisfy the amount-in-controversy requirement." *Schneider*, 441 F. Supp. 3d at 914; *Mpock v. FCA US LLC*, No. 21-cv-00330, 2021 WL 5356472, at *13 (E.D. Cal. Nov. 17, 2025), *R&R adopted*, 2021 WL 5966833 (E.D. Cal. Dec. 16, 2021) (holding that because FCA did not "provide any factual details underlying the claims, litigation strategies, or the litigation timelines of any of the cases cited" it was not possible to determine whether those cases were "analogous" or "a persuasive indicator regarding the amount of attorney's fees plaintiff might recover").

### 5.    Punitive Damages

Duffy seeks punitive damages in connection with the claim for fraudulent inducement. Compl. at Prayer for Relief ¶ f.  FCA argues that punitive damages add to the amount in controversy in this case.  Opp. at 8–9.  FCA further contends that because punitive damages of four to eight times the amount of compensatory damages have been permitted by other courts, it is plausible that there will be such an award in this case. *Id.*  Duffy argues her demand for punitive damages does not establish the amount in controversy and FCA has not provided any evidence establishing a reasonable estimate thereof.  Reply at 1.

Punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 3294(a). However, that a plaintiff seeks punitive damages does not itself establish the amount in controversy. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998) ("Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punitive damages.").

FCA correctly asserts that punitive damages are often calculated as a multiplier of the plaintiff's actual damages.  Opp. at 8.  However, because actual damages have not been shown by

7

a preponderance of the evidence, any calculation of punitive damages would be equally speculative. *See Guzetta v. Ford Motor Co.*, No. 21-cv-09151-MEMF, 2022 WL 1044173, at *7 (C.D. Cal. Apr. 5, 2022) ("[W]here actual damages are uncertain, any calculation of punitive damages would be speculative."); *Nash v. FCA US LLC*, No. 21-cv-02092-MEMF, 2022 WL 2304030, at *6 (C.D. Cal. June 27, 2022) (same).

Even if actual damages were not speculative, the punitive damages calculation in this case would still be too uncertain. FCA cites two cases in support of its argument that "other cases brought against car manufacturers" have yielded "punitive damages ranging from four to eight times the amount of compensatory damages." Opp. at 9. Other than noting that the cases were brought against car manufacturers, FCA does not explain how those cases are comparable to this case such that those verdicts would bear on the likely amount of punitive damages here.

***

In sum, the Court finds that FCA has only established by a preponderance of the evidence that the amount in controversy is $35,000.01—the amount alleged in the complaint. Even attributing an additional $25,000 for attorneys' fees, the amount in controversy would still only total $60,000.01. Because this value does not exceed the $75,000 amount-in-controversy requirement, FCA has failed to meet its burden to show that the Court has subject matter jurisdiction. The Court will accordingly remand this case.

## III.    MOTION FOR JUDGMENT ON THE PLEADINGS

Because the Court is remanding the case due to lack of subject matter jurisdiction, the Motion for Judgment on the Pleadings is moot. Defendant may refile that motion in state court.

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Remand, ECF No. 21, is GRANTED.

(2) Defendant's Motion for Judgment on the Pleadings, ECF No. 22, is DENIED
    WITHOUT PREJUDICE AS MOOT.


Dated:  November 18, 2025

_____
BETH LABSON FREEMAN
United States District Judge